IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                    No. 17 CR 2120 MV

BREE LYNN COONSIS,

    Defendant.

**DEFENDANT'S SENTENCING MEMORANDUM**

    COMES NOW, the defendant, Bree Lynn Coonsis, by and through her attorney, Alonzo J. Padilla, Assistant Federal Public Defender, who submits this sentencing memorandum in support of counsel's request that the Court accept the plea entered in this case under Fed. R. Crim. P.11(c)(1)(C) for the reasons discussed below.

    1.    The defendant, Bree Lynn Coonsis, hereafter referred to as Bree took the life of a fellow member of the Zuni Pueblo on April 29, 2017. For that act, she knows she must face the consequences and understands why she is facing a term of imprisonment of 8 years under the plea that was negotiated with the Government. Through her counsel, she requests that the Court accept the plea agreement and impose the sentence agreed upon. Bree accepts responsibility for her conduct and does not attempt to blame anyone but herself for what occurred on that tragic afternoon in April of 2017. She also understands the pain and suffering that she has caused the victim's family and only can hope that with the passage of time they may someday find it within their hearts to forgive her. This tragedy has also brought Bree to the realization that she is an alcoholic and an addict who will never amount

to anything unless she can avoid alcohol and other illegal substances. She now realizes that only if she takes steps to avoid those substances in the future will she be able to live a positive lifestyle and put this horrible chapter in her life behind her.

      2.      At age 25, Bree has lived her entire life in Zuni, proud people that have inhabited their land since prehistoric times in the American southwest. They are peaceful people who have for centuries considered the mountains, deserts and forests to be sacred. They played a part in the of pueblo revolt of 1680 when they were forced to strike back at Spanish colonials who sought to infringe on their religious beliefs and threaten their Zuni culture, that had been an important part of their lives. Unfortunately, the introduction of alcohol and more recently methamphetamine has torn the fabric that holds these people together. Although close to her family, Bree has experienced first hand, as a child and later as a teenager, the effect that alcohol and illegal substances can have on a family. As noted in the Presentence Report (PSR), she witnessed domestic violence between her parents and was often abandoned, when her mother would leave for days, leaving her and her siblings in the care of relatives. As a teenager, she would often leave that environment to live with relatives, including her grandmother to avoid having to deal with her parents who abused alcohol and cocaine. It was during this formative period that she also began to abuse alcohol as a teenager and later methamphetamine in the years prior to the tragic incident that brings her before this Court. Although during her interview for the PSR she described how the problems at home may have contributed to some of the problems she is currently experiencing, it is a letter from her cousin, Christine Latone, (Attached hereto as Exhibit

2

A), which really puts it all into perspective in terms of the problems that someone from Zuni often experiences unless they are motivated enough to leave Zuni to avoid the tragedy and hardship that has fallen upon so many families. One can only conclude after reading the letter from Ms. Latone that Bree experienced a lot more than what was discussed in her interview with the probation officer. The tragic and dysfunctional upbringing experienced by Bree is not in any way intended as an excuse or justification for what occurred on that tragic afternoon in April of 2017. However, it should give the Court some insight into the numerous problems that Bree experienced that likely led to her excessive use of alcohol and methamphetamines in the period of time leading up to this tragic event. Bree understands that connection and knows she must stay sober after she finishes her prison sentence if she ever hopes to make something of herself. As she indicated to the probation officer during her interview, her goal would be to return to get an education to become either a registered nurse or a dental assistant. Between 2010-2013, Bree attended the University of New Mexico at the Gallup branch, completing all her prerequisites prior to withdrawing. She was attending school to become a registered nurse and apparently withdrew due to defaulting on her student loans. According to records obtained by probation, she attended UNM from August 2008-December 2014. In addition to attending classes at UNM, Bree was employed at a firefighter with the forestry division of the Bureau of Indian Affairs and obtained numerous certificates for her training. (Attached hereto as Exhibit B). Unfortunately, due to problems she was having with her boss, she was forced to leave that employment. As noted in the PSR, Bree endured verbal abuse from her boss,

3

who would constantly bring up family issues and often would threaten her. She reported the abuse to the Bureau of Indian Affairs, but nothing was ever done to reprimand the person who was causing her so much stress. This experience had a significant emotional impact on her and as she described during her PSR interview, it may have contributed to some of the poor life choices she has made.

      3.      In spite of the problems she had at home dealing with abandonment issues and witnessing domestic violence, Bree did well while attending school receiving her high school diploma in 2010. A copy of her diploma as well as a number of certificates and teacher evaluations she received while at the Zuni High School are attached for this Court to review prior to sentencing. (Attached hereto as Exhibit C). It is clear from reading not just the certificates but also teacher evaluations that she was a motivated student who had the potential of exceeding at any occupation she choose. Unfortunately, along the way all of that got derailed by her excessive use of alcohol and methamphetamine.

      4.      Bree certainly understands the tragedy caused by her conduct and this Court's concern about her ability to remain sober after she completes the prison term to be imposed. However, the Court is in a position to help this young lady achieve all her goals and dreams while remaining sober by implementing a treatment plan upon her release that will require ongoing counseling and treatment while being closely monitored by a probation officer. It is also anticipated that while Bree is serving her sentence that she will be able to obtain counseling and guidance that will help her to remain sober when she finally does complete her sentence and is placed on supervision. Although coming from a

rich cultural background, it appears she is making the right decision when she says she should not return to Zuni even though she loves her family, her culture and the Zuni way of life.

    5.    Counsel respectfully requests that the Court accept the plea agreement that was entered into in this case and impose the term agreed upon. Although the Court may express some concern about the length of sentence as it does exceed the guideline range calculated by probation at ¶ 102 of the PSR, this Court should be aware that the Government was contemplating charging Bree with 2nd degree murder based upon the circumstances present in this case. The sentence agreed upon is reasonable and is sufficient but not greater than necessary to comply with the sentencing goals set forth in 18 U.S.C. § 3553(a).

| | |
|---|---|
| I HEREBY CERTIFY THAT on January 19, 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing: AUSA Sarah Mease.<br><br> /s/ *filed electronically* | Respectfully submitted,<br><br>FEDERAL PUBLIC DEFENDER<br>111 Lomas NW, Suite 501<br>Albuquerque, NM 87102<br>(505) 346-2489<br><br> /s/ *filed electronically on 1/19/18*<br>ALONZO J. PADILLA, AFPD<br>Attorney for Defendant |