IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Cr. No. 17-2120 MV |
| ) | |
| vs. ) | |
| ) | |
| BREE LYNN COONSIS, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

The United States of America, through its undersigned counsel, hereby files this response to Defendant's sentencing memorandum. Doc. 33. The United States urges the Court to accept the Rule 11(c)(1)(C) agreement entered into by the parties.

**FACTUAL BACKGROUND**

The Presentence Report ("PSR") accurately summarizes the offense conduct in this case. See PSR at ¶¶10-37. As summarized in the PSR, Defendant struck the victim with her vehicle, causing the victim's death. Defendant, who was intoxicated at the time of the offense, struck the victim following a physical and verbal altercation between the two inside Defendant's vehicle. Defendant informed law enforcement that she was driving in a foggy and angry state of mind, but did not intend to harm the victim. However, witnesses described the victim walking away from Defendant's vehicle before Defendant "peeled out" and drove toward the victim. Further, Defendant later stated, "Yeah, I ran her over, I don't give a fuck," and "I was just aiming for her ass."

## ARGUMENT

**I.       The PSR Accurately Reflects Defendant's Guideline Range.**

It is the position of the United States that the Presentence Report accurately reflects a base offense level of 29. PSR at ¶46. The defendant has a criminal history category I. *Id.* at ¶67. The defendant received a three level reduction for acceptance of responsibility. *Id.* at ¶¶53-54. An adjusted offense level of 26 combined with a criminal history category I results in a sentencing guideline range of 63 to 78 months. *Id.* at ¶102.

**II.      A Sentence of 8 Years is Necessary Due to the Serious Nature of the Offense.**

Pursuant to 18 U.S.C. § 3553(a)(1), the Court shall consider the "nature and circumstances of the offense and the history and characteristics of the defendant." In addition, pursuant to 18 U.S.C. § 3553(a)(2), the Court shall also consider:

> (2) the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In order to provide just punishment and protect the public from further crimes of Defendant, the government urges the Court to impose the 8-year sentence. The agreed-upon sentence represents a two-level upward variance from Defendant's adjusted guideline range of 63 to 78 months. In light of the details of this case, a sentence of 8 years clearly meets the sentencing goals set forth in 18 U.S.C. § 3553(a)(2).

Defendant's senseless act took the life of a young woman in the prime of her life. While the charged offense reflects provocation upon a sudden quarrel or in the heat of passion, Defendant's statements shortly following the offense indicate extreme callousness. The

government does appreciate, however, Defendant's cooperation with authorities and willingness to bring a quick resolution to this case.  The government asks this Court to consider the parties' interest in minimizing the uncertainties of trial by negotiating this settlement.  "The potential to conserve valuable prosecutorial resources and for defendants to admit their crimes and receive more favorable terms at sentencing means that a plea agreement can benefit both parties." *Missouri v. Frye*, 132 U.S. 1399, 1407 (2012).  Parties in a criminal case must assess the likely outcome of motions and trial practice.  Defendants in particular must weigh their tolerance for the risk of conviction after trial against the benefits of a negotiated settlement.  Likewise the government must weigh the public and the victim's interest against the risks of proceeding to trial.

The United States advocates for this Court to accept the Rule 11(c)(1)(C) plea agreement stipulating to a sentence of 8 years.  The defendant's sentencing guideline range, after acceptance of responsibility, is 63 to 78 months.  An 8-year sentence (96 months) is within the guideline range of a two-level upward variance.  A sentence of 8 years is sufficient, but not greater than necessary to comply with the factors set forth in 18 U.S.C. § 3553(a)(2).

WHEREFORE, for the foregoing reasons, the United States requests this Court accept the Rule 11(c)(1)(C) agreement, and sentence the defendant to a term of incarceration of 8 years.

> Respectfully submitted,
>
> JAMES D. TIERNEY
> Acting United States Attorney
>
> *Electronically filed on January 26, 2018*
> SARAH J. MEASE
> Assistant United States Attorney
> P.O. Box 607
> Albuquerque, New Mexico 87103
> (505) 346-7274

I HEREBY CERTIFY that the foregoing pleading was electronically filed through the CM/ECF system, which caused counsel of record for defendant to be served by electronic means.

*/s/*
SARAH J. MEASE
Assistant United States Attorney